**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF MISSOURI**
**SOUTHWESTERN DIVISION**

| | |
|---|---|
| **BLACK RAIN ORDNANCE, INC.**, a Missouri Corporation<br><br>     Plaintiff,<br><br>vs.<br><br>**GLOCKPLATES.COM,** a Minnesota Corporation,<br><br>     Defendant. | Case No. _____<br><br><br>**Jury Demanded** |

## COMPLAINT

Plaintiff Black Rain Ordnance, Inc. ("Plaintiff") presents the following Complaint against Defendant Glockplates.com ("Defendant").

## INTRODUCTION

This is an action for trademark infringement, false designation of origin, unfair competition and related claims against Defendant based on its unauthorized and unlawful use of Plaintiff's LET IT RAIN! trademark and its Biohazard Symbol trademark, both used in conjunction with firearms and related products. Plaintiff brings this action under the Federal Lanham Act and common law to enjoin Defendant's unlawful conduct and for other relief as set forth in this Complaint.

1

## JURISDICTION AND VENUE

1.      This is an action for trademark infringement and unfair competition under the Lanham Act (a.k.a. Trademark Act of 1946, 15 U.S.C. § 1051-1127, as amended), common law trademark infringement, and related state law claims.

2.      This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1331 (federal question), 28 U.S.C. 1338(a) (trademarks), and 15 U.S.C. § 1121 (trademarks).  This Court has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367(a) because those claims arise from a common nucleus of operative facts alleged in Plaintiff's federal claims.

3.      This Court has personal jurisdiction over Defendant because it has transacted business in this District and Defendant has caused damages to Plaintiff in this District.

4.      Venue is proper in this District pursuant to 28 U.S.C. § 1391 because there is personal jurisdiction over Defendant.

## THE PARTIES

5.      Plaintiff is a Missouri corporation having its principal place of business in Neosho, Missouri.

6.      Plaintiff is informed and believes and thereon alleges that Defendant is a Minnesota corporation having its principal place of business in Brainerd, Minnesota.

SLC-6803974-1

## GENERAL ALLEGATIONS

### I.   PLAINTIFF'S LET IT RAIN! AND BIOHAZARD SYMBOL MARKS

7.      Plaintiff manufactures and sells various types of precision rifles, rails, receivers, and accessories for rifles.  Plaintiff has marketed these high quality goods using the LET IT RAIN! mark ("LET IT RAIN! Mark") and biohazard symbol mark ("Biohazard Symbol Mark") since at least 2009.  Plaintiff's goods are offered to the public through various retailers throughout the United States.

8.      Plaintiff's efforts and accomplishments have contributed to its reputation and goodwill, making Plaintiff a well-known and recognized name in its field throughout the United States.

9.      Plaintiff's reputation and philosophy of providing the public with the highest quality American-made goods has made it a leader in its field.

10.     Plaintiff is the owner of the LET IT RAIN! Mark and the Biohazard Symbol Mark (sometimes referred to as "Plaintiff's Marks").

11.     Plaintiff's goods have been widely advertised and promoted under Plaintiff's Marks, and Plaintiff's Marks have become, through widespread and favorable public acceptance and recognition, an asset of value as a symbol of Plaintiff, its high quality goods and its goodwill.

12.     Plaintiff enjoys success and an enviable reputation in its field due in large part to its use of, and rights in, Plaintiff's Marks.

13.     Plaintiff has made significant expenditures and sacrifices to achieve the success it now enjoys.  As a result of Plaintiff's favorable reputation and investment in and promotion of

3

its goodwill, Plaintiff's Marks have become synonymous with Plaintiff and its high quality goods.

14. Plaintiff enforces its rights herein under Plaintiff's Marks in order to ensure Plaintiff's continued success and excellent reputation.

15. Plaintiff's Marks have been widely advertised and promoted to the public by Plaintiff through various means and modes including but not limited to Internet advertising and retail advertising. Plaintiff has created an internet website to enable prospective customers to learn about Plaintiff's goods.

16. By reason of Plaintiff's advertising and promotion under Plaintiff's Marks, the public has come to recognize Plaintiff's goods as solely emanating from Plaintiff.

17. Plaintiff owns valuable rights in its LET IT RAIN! Mark. Plaintiff owns Application Serial No. 85/510,119 to register the Let It Rain! Mark with the United States Patent and Trademark Office (USPTO), a copy of which is attached as Exhibit A. Plaintiff also enjoys common law trademark rights in the LET IT RAIN! Mark in connection with firearms and related products.

18. In recognition of Plaintiff's exclusive right to use the Biohazard Symbol Mark, the USPTO has granted Plaintiff a federal registration (U.S. TM Reg. No. 4,232,519) for the Biohazard Symbol Mark, a copy of which is attached as Exhibit B. Plaintiff also enjoys common law trademark rights in the Biohazard Symbol Mark in connection with firearms and related products.

19. As a result of Plaintiff's use, advertising, promotional efforts, market recognition, commercial success, and distribution through retail channels, Plaintiff's Marks are highly

SLC-6803974-1

respected in the firearms industry as a distinctive symbol of precision rifles and accessories of the highest quality. Plaintiff's Marks are a valuable asset of the company.

## II. DEFENDANT'S INFRINGING CONDUCT

20. Defendant promotes similar goods, namely firearms parts and accessories using Plaintiff's Marks. Plaintiff has discovered at least 43 instances of Defendant's use of Plaintiff's Marks on Defendant's website. A representative copy of Defendant's infringing advertisements is attached as Exhibit C.

21. Defendant's use of Plaintiff's Marks is confusingly similar to Plaintiff's Marks.

22. Defendant's use of the Plaintiff's Marks is likely to cause consumer confusion and a false association between Plaintiff's goods and the goods offered by Defendant, falsely leading consumers to believe that the products emanate from the same source or that Plaintiff and Defendant are affiliated.

23. On information and belief, such diversion has resulted in, and will continue to result in, substantial and irreparable harm to Plaintiff, and to consumers in this District.

24. This offering to the public of information and goods by Defendant under the Plaintiff's Marks has been and is without permission or authority of Plaintiff and without any license to Plaintiff's Marks.

25. Defendant has used Plaintiff's Marks in offering products to the public throughout the United States on the Internet. Consumers can purchase Defendant's goods from its website. On information and belief, Defendant has used this District as a forum for its infringing activities with knowledge of the source of Plaintiff's Marks and of the fact that Defendant's use of Plaintiff's Marks is not genuine or authorized by Plaintiff.

SLC-6803974-1

26.     By using the Plaintiff's Marks and offering goods for sale under Plaintiff's Marks, including but not limited to the promotion of goods by Defendant which are confusingly similar to those offered by Plaintiff, Defendant has misrepresented and falsely described to the general public the origin and source of Defendant's goods so as to deceive the public and deliberately create a likelihood of confusion, cause mistake, or deceive as to the affiliation, connection, or association of Defendant with Plaintiff, or as to the origin, sponsorship, or approval of Defendant's goods or commercial activities by the ultimate purchaser as to both the source and sponsorship of Defendant's goods.

27.     Defendant's use of Plaintiff's Marks has, does, and is likely to permit Defendant to pass off its goods as those of Plaintiff, all to the detriment of Plaintiff, and to the unjust enrichment of Defendant.

28.     Defendant's use of Plaintiff's Marks has caused, currently causes, and is likely to continue to cause, damage to Plaintiff by tarnishing the valuable reputation and image associated with Plaintiff and its goods.  Defendant has further passed off their goods in interstate commerce, as those of Plaintiff by their activities and many continuing misrepresentations to the consuming public, members of which are likely to, and do, believe that Defendant's activities and related goods emanate from or are associated with Plaintiff.

29.     Defendant's unlawful activity results in irreparable harm and injury to Plaintiff. Among other harms, it:

    a.     Deprives Plaintiff of its absolute right to determine the manner in which its goods are presented to the general public;

    b.     Deceives the public as to the origin and sponsorship of such goods;

6

SLC-6803974-1

c.      Wrongfully trades upon and cashes in on Plaintiff's reputation and exclusive rights in its trademarks; and

d.      To the extent Defendant's goods are or may be of inferior quality or unauthorized for sale or distribution, irreparably harms and injures Plaintiff's reputation.

30.     Plaintiff is entitled to an injunction restraining Defendant, its officers, agents, servants, employees, and attorneys, and all persons acting in concert with them, from engaging in any further acts in violation of Plaintiff's rights.

31.     Plaintiff is further entitled to recover from Defendant disgorgement of profits and damages, including treble damages, interest, and attorneys' fees and costs it has sustained and will sustain and any gains, profits, and advantages obtained by Defendant as a result of Defendant's acts as alleged herein.  At present, the amount of such damages, gains, profits, and advantages cannot be fully ascertained by Plaintiff.

## CAUSES OF ACTION

### COUNT I
### (TRADEMARK INFRINGEMENT UNDER § 43(a)(1)(A) OF THE LANHAM ACT)

32.     Plaintiff realleges and incorporates by reference all of the foregoing paragraphs.

33.     Defendant has used in commerce words, terms and symbols that are likely to cause confusion, or to cause mistake or to deceive, as to whether Defendant is affiliated, connected, or associated with Plaintiff and/or as to whether Plaintiff originated, sponsored or approved of Defendant's activities.

34.     By so acting, Defendant has violated § 43(a) of the Lanham Act (15 U.S.C. § 1125(a)).

35.     Plaintiff has been and will continue to be damaged by such wrongful actions.

7

36.     Because Defendant's actions, on information and belief, were intentional, willful and/or deliberate, Plaintiff is entitled to an award of treble damages under § 35(a) of the Lanham Act (15 U.S.C. § 1117(a)).

37.     By reason of the foregoing, Plaintiff is entitled to injunctive relief and monetary damages against Defendant.

## COUNT II
### (TRADEMARK INFRINGEMENT UNDER § 32 OF THE LANHAM ACT)

38.     Plaintiff realleges and incorporates by reference all of the foregoing paragraphs.

39.     Plaintiff possesses a valid federal trademark application in U.S. Application Serial No. 85/510,119 for the LET IT RAIN! Mark.  *See* Exhibit A.  Plaintiff expects, during the course of this litigation, a federal registration will issue protecting the LET IT RAIN! mark.

40.     Plaintiff possesses a valid federal trademark registration (U.S. Trademark Registration No. 4,232,519) issued by the USPTO for the Biohazard Symbol Mark.  *See* Exhibit B.

41.     Defendant's actions as described above, including Defendant's unauthorized use of Plaintiff's Marks to promote its products is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection or association of Defendant with Plaintiff, or as to the origin, sponsorship or approval of Defendant's products by Plaintiff.  Defendant's conduct constitutes trademark infringement in violation of § 32 of the Lanham Act (15 U.S.C. § 1114).

42.     Defendant's trademark infringement has caused and continues to cause damage and irreparable injury to the value and goodwill of Plaintiff's Marks, as well as damages and irreparable injury to Plaintiff's business, goodwill, and reputation.  Plaintiff has no adequate remedy at law because damages are continuing and difficult to ascertain.  On information and

8

belief, Defendant's continued use of Plaintiff's Marks is deliberate, willful, fraudulent, and constitutes a knowing infringement of Plaintiff's Marks, and makes this case exceptional.

43.     By virtue of the foregoing, Plaintiff is entitled to an award of treble damages under § 35(a) of the Lanham Act (15 U.S.C. § 1117(a)).

44.     By virtue of the foregoing, Plaintiff is entitled to an award of attorneys' fees under § 35(a) of the Lanham Act (15 U.S.C. § 1117(a)).

45.     By virtue of the foregoing, Plaintiff is entitled to injunctive relief and monetary damages against Defendant.

## COUNT III
### (COMMON LAW TRADEMARK INFRINGEMENT)

46.     Plaintiff realleges and incorporates by reference all of the foregoing paragraphs.

47.     Plaintiff's Marks are distinctive and have acquired secondary meaning.

48.     Defendant's actions, as alleged above, infringe Plaintiff's common law trademark rights under federal common law, Missouri common law, and constitute acts of unfair competition.

49.     By reason of the foregoing, Plaintiff is entitled to injunctive relief and monetary damages against Defendant.

50.     The infringing activities of Defendant, on information and belief, are willful and intentional, thereby justifying an award of exemplary and/or punitive damages.

## COUNT IV
### (UNJUST ENRICHMENT)

51.     Plaintiff realleges and incorporates by this reference all of the foregoing paragraphs.

SLC-6803974-1

52.     Defendant has benefited from the improper, unfair, and unauthorized use of Plaintiff's trademark rights and goodwill attendant thereto, as alleged above.

53.     Defendant has knowledge and fully appreciates the benefits it has received from Plaintiff as a result of such actions.

54.     Defendant would be unjustly enriched if it were permitted to retain the proceeds obtained from such actions.

55.     Equity and good conscience dictate that Defendant be required to account for and turn over to Plaintiff an amount equal to the value of the benefits conferred upon it.

## JURY DEMAND

Plaintiff demands that all claims and causes of action raised in this complaint against Defendant be tried to a jury to the fullest extent possible under all applicable federal and state laws.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against Defendant as follows:

A.     Preliminarily and permanently enjoining Defendant, and all other persons participating or acting in concert with it, from infringing any of Plaintiff's rights in Plaintiff's Marks;

B.     Preliminarily and permanently enjoining Defendant, and all other persons participating or acting in concert with it, from using any marks similar to Plaintiff's Marks that are likely to cause confusion or mistake as to whether Defendant is authorized by or affiliated with Plaintiff and as to whether Defendant's goods have been authorized or sponsored by Plaintiff;

SLC-6803974-1

C.    Preliminarily and permanently enjoining Defendant, and all other persons participating or acting in concert with it, from engaging in unfair competition;

D.    Preliminarily and permanently enjoining Defendant, and all other persons acting in concert with it, from making a false representation as to the source, sponsorship, approval, or certification of goods by its use of Plaintiff's Marks;

E.    Preliminarily and permanently enjoining Defendant, and all other persons acting in concert with it, from making a false representation as to affiliation, connection, association with, or certification by another, by its use of Plaintiff's Marks;

F.    An order of the Court directing Defendant to deliver up to Plaintiff all literature, advertisements, business forms, signs, and any other representations, regardless of form, which are in, or come to be in, Defendant's possession, custody, or control and which bear Plaintiff's Marks or any confusingly similar variant, and an order from the Court compelling Defendant to notify its direct customers, agents, and representatives that Plaintiff's Marks or any confusingly similar variant is not connected with Plaintiff;

G.    An order from the Court directing Defendant to provide an accounting of all revenues and profits gained by Defendant while engaging in the acts complained of in this Complaint;

H.    Awarding Plaintiff disgorgement of Defendant's profits and its actual damages, and awarding Plaintiff any additional damages that the Court deems just and equitable under the circumstances of the case;

I.    Awarding Plaintiff treble damages in accordance with § 35 of the Lanham Act (15 U.S.C. § 1117) on the claim asserted under § 43(a) of the Lanham Act (15 U.S.C. § 1125(a);

11

J.    Establishment of a constructive trust consisting of profits from or obtained by Defendant's wrongful acts, to be held for the benefit of Plaintiff;

K.    Awarding Plaintiff damages to which it is entitled based upon Defendant's unjust enrichment;

L.    Awarding Plaintiff prejudgment interest at the rate established under 26 U.S.C. § 6621(a)(2) from the date of service of the Complaint through the date of judgment;

M.    Awarding Plaintiff its allowable costs and attorneys' fees; and

N.    Awarding Plaintiff such other and/or further relief as is just and equitable.


Dated this 19th day of December 2012.


                    Respectfully submitted,

                    HUSCH BLACKWELL LLP


                    /s/ Dutro E. Campbell II
                    Dutro E. Campbell II, Mo. Bar #47942
                    bruce.campbell@huschblackwell.com
                    190 Carondelet Plaza
                    Suite 600
                    St. Louis, MO 63105
                    Phone: (314) 480-1500
                    Facsimile: (314) 480-1505

12